CLIFFORD, Appellant, vs. CITY OF HARTFORD, Respondent.

*February 12—March 10, 1931.*

218

For the appellant there was a brief by *Russell & Goetz* of Hartford, and oral argument by *J. C. Russell.*

For the respondent the cause was submitted on the brief of *H. U. Amidon,* city attorney, and *Sawyer & Gehl* of counsel, all of Hartford.

FOWLER, J.   The original writing was not a contract signed by both parties binding the plaintiff to sell and the

defendant to purchase. It was only an option signed by the plaintiff and imposed no obligation on the defendant. The resolution of the common council of June 7th did not purport to be an acceptance of the option. It merely expressed the then intention of the council that it would purchase certain property therein described. But that purchase would not and could not be consummated until and unless the intention was followed up by acceptance of a deed. The council might and did change its collective mind for reasons satisfactory to itself and concluded not to purchase. Thus no contract to purchase was ever entered into by the city. The plaintiff has no right to specific performance of a contract for the very simple reason that a contract was never made. Nor did obligation to pay the $2,500 arise from the resolution of the council. Such obligation could only arise from acceptance of a deed. On such acceptance, liability to pay the consideration named in the deed would arise, but the obligation would rest on the deed itself. All this seems so plain as not to require citation of authorities to support it.

Counsel for plaintiff urge that the city is estopped to accept the deed because the city attorney put the plaintiff to the trouble of going to his office to sign it. Merely going down town would be too slight a thing to adjudge specific performance upon, even if estoppel could be successfully invoked to compel specific performance of a contract when there was no contract. Estoppel may be the basis in equity for precluding one from interposing as a defense to specific performance the invalidity of agreements for want of requisite legal formalities or the like. But this principle has no application here. And in actions for specific performance compulsion is usually, if not always, a matter of discretion rather than of right.

*By the Court*—The judgment is affirmed.